Daniel S. Mount (Cal. Bar No. 77517)
Jing H. Cherng (Cal. Bar No. 265017)
Mount, Spelman & Fingerman, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:     (408) 998-1473
Email: dmount@mount.com; gcherng@mount.com

Larisa Migachyov (Cal. Bar No. 264669)
Law Offices of Larisa Migachyov
Post Office Box 2061
San Francisco, California 94126-2061
Tel.: 650.218.5480
Email: larisa@lvmpatents.com

Counsel for SMARTDATA S.A.

U.S. District Court
Northern District of California

| | |
|---|---|
| SMARTDATA S.A.<br><br>            Plaintiff<br><br>v.<br><br>Amazon.com, Inc., Amazon Digital Services, Inc..<br><br>            Defendants | Case No. 3:15-cv-01282-SI<br><br>Assigned to: The Hon. Susan Illston<br><br>**DECLARATION OF DANIEL S. MOUNT IN SUPPORT OF SMARTDATA, S.A.'S OPPOSITION TO AMAZON'S MOTION FOR ATTORNEY'S FEES** |

I, DANIEL S. MOUNT, declare as follows:

1. I am attorney at law duly licensed to practice before this Court.  I have litigated patent matters since 1985.  I have personal knowledge set forth in this declaration and if I was called as a witness to the matter I could and would competently testify to the facts set forth herein.

2. I first became involved in the enforcement effort of SmartData's patents in November 2012.  At the time an attorney who had initiated the pleadings who was

      formerly with Quinn Emanuel was not able to continue to press the matter forward and a patent prosecution attorney asked me to become involved in helping negotiate a possible resolution with Apple, Inc. and its counsel.

3. At the time I became involved in the case, I spent hours in dialogue with Apple's attorneys where they explained their opinions about how and why we might not be able to establish liability and how and why our damages might be limited because the infringing behaviors would only have been implicated during certain of the uses of the Apple TV product that was accused.

4. I was able to negotiate a resolution of the matter. During the course of the dialogue I listened carefully to the arguments and suggestions by the skilled and competent counsel for Apple. In none of their arguments did they suggest that the patent was invalid for *Alice*-based arguments.

5. We settled the matter and thereafter initiated another lawsuit against Roku, Inc., which makes a similar box in that processes signals in a way similar to Apple TV.

6. In the course of dialogue with Roku's counsel at Latham & Watkins, I listened carefully to their arguments. They suggested that damages might be limited and asserted non-infringement arguments. There were a couple of invalidity arguments suggested but none were persuasive and none suggested that the patent was invalid based on an *Alice* analysis.

7. We settled the case with Roku in a manner consistent with our realistic expectations and in a manner that was not inconsistent with the Apple settlement.

8. Thereafter we initiated a lawsuit against Netgear, Inc. They were selling a similar box that we believed performed in ways similar to the Apple and Roku structure.

9. I met with Netgear's counsel early in the litigation to understand their position. Counsel was with the DLA Piper firm, an excellent law firm that I respect. Counsel suggested various arguments about why the patent was not infringed. Counsel expressly identified that certain processing did not take place in the stage of the

Declaration of Daniel S. Mount                                                                      Page 2

structure that would be necessary for infringement. After about a three hour meeting, we became convinced that the structure did not operate in the way that was going to be necessary for infringement. I told counsel that I would not ask for any money, but rather I would simply dismiss the lawsuit if I became convinced that the accused structure was not infringing.

10. When I learned that the accused structure was not infringing, pursuant to my prior advice, I dismissed the case, with my client's consent, without asking for any money at all because it became clear that there was a valid defense.

11. None of the discussions with defense counsel in that case ever suggested that there was a defense to this case based on *Alice*.

12. In the fourth lawsuit that we filed, which was against Amazon, the structure was carefully studied, as was the asserted patent. We believed that our infringement position was sound before we filed a lawsuit.

13. At the time of this filing, I believe I had conducted an appropriate and careful infringement analysis and had studied the file history and the patent, and did not anticipate the *Alice* defenses that were raised by the Sidley Austin firm.

14. In early discussion about the case, I did invite a dialogue about their opinions and asked them to share their view. When they expressed their opinion that they thought they had a good *Alice* defense, they cited cases which we studied and which I asked to be studied carefully by Jing Cherng, an attorney in the firm who has over five years of patent litigation experience. We renewed our careful study of the structures and were not prepared to dismiss the case based on the cases cited. We believed that we might successfully overcome a challenge based on *Alice*.

15. After the motion was filed, we carefully studied it and an opposition was prepared. We believed the motion and reply were well written and we did ultimately come to believe that the risk of losing the motion was significant.

16. The client, with our guidance, made a decision and authorized the decision to dismiss the lawsuit. The client is in Europe and communications are sometimes slow. Our final authorization for the dismissal came in time, unfortunately, very close to the hearing for the motion to dismiss.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 23, 2015 in San Francisco, CA.

_____
Daniel S. Mount

Declaration of Daniel S. Mount