United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMARTDATA, S.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant. | Case No. 15-cv-01282-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 36 |

Now before the Court is defendant Amazon.com, Inc.'s motion for attorney's fees. Dkt. 36. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and **VACATES** the hearing set for November 20, 2015. Having carefully considered the papers submitted, the Court hereby **DENIES** the motion.

**BACKGROUND**

Plaintiff SmartData, S.A. ("SmartData") filed the underlying complaint in this action alleging that defendant Amazon.com, Inc. ("Amazon") infringed U.S. Patent No. 7,158,757, entitled "Modular Computer" ("the '757 Patent"). Compl. (Dkt. 1). Defendant filed a motion to dismiss, arguing that the '757 Patent was invalid: (1) because it claims ineligible subject matter under 35 U.S.C. § 101; and (2) on indefiniteness grounds because it violates the rule against functional claiming pursuant to 35 U.S.C. § 112(f). *See* Dkt. 20. Plaintiff opposed this motion and defendant filed a reply to that opposition. Dkts. 21, 22.

On September 18, 2015, just prior to the scheduled hearing on defendant's motion to dismiss, plaintiff voluntarily dismissed its complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (providing that a party may dismiss an action without a court order

before the opposing party serves an answer or a motion for summary judgment). Dkt. 32. On October 2, 2015, defendant advanced the present motion for attorney's fees. Dkt. 36.

**DISCUSSION**

Defendant argues that the Court should sanction plaintiff and award attorney's fees pursuant to the Court's inherent authority in light of the principles underlying 35 U.S.C. § 285, because plaintiff prolonged unnecessary litigation to pressure defendant into settlement on an invalid patent. Dkt. 36 at 9-10. In the alternative, defendant argues that plaintiff's counsel should be sanctioned pursuant to 28 U.S.C. § 1927. *Id.* Plaintiff contends that its voluntary dismissal does not support a finding of bad faith. Dkt. 40 at 12.

## I. The Court's Inherent Power to Sanction

In order to impose sanctions under the court's inherent power, a district court must make a specific finding of bad faith (or conduct tantamount to bad faith) or "reckless misstatements of law and fact . . . coupled with an improper purpose, such as an attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another case." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

Defendant asserts that plaintiff has acted in bad faith in several ways. First, defendant argues that plaintiff's last-minute dismissal was an abuse of court resources aimed at extracting a settlement payment from defendant and avoiding 35 U.S.C. § 285 prevailing party sanctions. Dkt. 36 at 11. Second, defendant believes that plaintiff opposed defendant's motion to dismiss in bad faith "with non-responsive arguments, irrelevant evidence, and vacated case law." *Id.* at 10. Third, defendant contends it is plaintiff's *modus operandi* to drag out litigation "until its settlement leverage evaporate[s]." Dkt. 36 at 2 n.2, 9.

The Court will consider these arguments in order to determine whether this conduct rises to the level of bad faith.

### A. Timing of Plaintiff's Voluntary Dismissal

Plaintiff voluntarily dismissed its complaint on September 28, 2015, minutes before the hearing on defendant's motion to dismiss. Dkt. 32. Plaintiff's counsel explained that plaintiff had made the decision to voluntarily dismiss the case the night before, but was unable to file its dismissal until the morning of the hearing due to technical difficulties with the Court's electronic filing system. *See* Dkt. 35 at 2-3. Defendant rejects this explanation and contends that the delay was strategic and the dismissal duplicitous. Dkt. 36 at 9-10.

As previously discussed, imposing sanctions under the court's inherent power requires a specific finding of bad faith conduct or reckless attorney conduct with an improper purpose. *Fink*, 239 F.3d at 994. A district court addressed a similar issue in *Jeffrey C. Stone, Inc. v. Greenberg Traurig, LLP*, where the plaintiff filed an eleventh-hour voluntary dismissal after the defendants had briefed two rounds of motions to dismiss. No. CV 09-2454, 2011 WL 995930, *4 (D. Ariz. Mar. 21, 2001). There, the court awarded attorney's fees under the court's inherent power after making other specific findings of bad faith, in addition to the last-minute dismissal. *Id*. at *6-7. For example, plaintiff's counsel had repeatedly made misrepresentations of facts and law and plaintiff failed to make a reasonable inquiry into counsel's representations. *Id.* at *7. The court had also previously warned the plaintiff that its misrepresentations could result in sanctions. *Id.* at *3.

Here, unlike in *Stone*, plaintiff has not repeatedly made misrepresentations regarding the facts of the case or the relevant law nor has the Court warned plaintiff regarding any such conduct. While plaintiff should have notified the courtroom deputy of its technical difficulties in filing its dismissal prior to the hearing, the poorly timed dismissal does not necessarily support a finding of bad faith.

### B. Plaintiff's Failure to Address Arguments in its Opposition

Defendant additionally asserts that plaintiff failed to identify any inventive concept in its opposition, failed to address the means plus function argument, and cited to vacated case law. *See* Dkt. 36 at 10 nn. 12-14.

Plaintiff's failure to identify an inventive step in its opposition does not support a finding of bad faith. Plaintiff correctly asserts that it would not have been required to show an inventive concept, had it been successful in arguing that its patent does not claim an abstract idea. Dkt. 40 at 9; *see Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355-57 (2014). While it would have been prudent for plaintiff to make the inventive concept argument in the alternative, the failure to do so does not amount to bad faith. And while there may be merit to the assertion that plaintiff's opposition missed the mark on the means plus function issue, it does not necessarily mean that such arguments were presented in bad faith.

As to defendant's assertion that plaintiff failed to direct the Court's attention to the vacated status of a case—*see* Dkt. 21 at 15-16 (quoting *Elcommerce.com, Inc. v . SAP AG*, 745 F.3d 490 (Fed. Cir. 2014), *vacated*, 564 F. App'x 599 (Fed. Cir. 2014)—the Court agrees with plaintiff that it was permitted to rely on the case as persuasive authority where the reasons for vacating the opinion were not related to the reasoning of the opinion. *See U.S. v. Barona*, 56 F.3d 1087, 1092 n.1 (9th Cir. 1995). In any event, the Court is mindful that "[i]n view of the serious consequences of a finding of misconduct, it is important that [it] be particularly careful not to characterize bad lawyering as misconduct." *Gaymar Indus. v. Cincinnati Sub-Zero Prods., Inc.*, 790 F.3d 1369, 1377 (Fed. Cir. 2015).

The Court finds that the content of plaintiff's opposition and the manner in which it was argued does not amount to bad faith.

### C.  SmartData's Prior Lawsuits and Settlements on the '757 Patent

Defendant contends that plaintiff delayed dismissal of this case in order to extort a settlement fee from defendant. Dkt. 36 at 2. In support of its contention, defendant points to three other cases that plaintiff filed claiming infringement on the same patent, two of which settled within six months of filing. *See SmartData, S.A. v. Apple, Inc*, No. 4:12-cv-00583 (N.D. Cal. Jan. 28, 2013) (dismissed with prejudice after settlement); *SmartData, S.A. v. Roku Inc.*, No. 3:13-cv-01838 (N.D. Cal. Nov. 22, 2013) (dismissed with prejudice after settlement); *SmartData, S.A. v. Netgear, Inc.*, No. 4:14-cv-01808 (N.D. Cal. Sept. 3, 2014) (dismissed with prejudice). Defendant

argues that early settlement is SmartData's *modus operandi* and that plaintiff forced defendant to expend resources to pressure defendant into settlement on an invalid patent. Dkt. 36 at 2-3.

The Court cannot draw a clear inference from the simple fact that plaintiff's previous infringement claims resulted in settlement. There are many reasons parties choose to resolve their disputes in out-of-court settlement proceedings. The Court does not find this particular point probative of bad faith.

### D.     Conclusion

The Court finds that plaintiff's conduct in the present suit does not rise to the level of bad faith and declines to impose sanctions under its inherent authority.

## II.    § 1927 Sanctions

28 U.S.C. § 1927 provides that a court has the power to sanction counsel for multiplying proceedings "unreasonably and vexatiously."

Defendant rightly concedes that, given the facts of this case, the appropriate sanction should be levied pursuant to the Court's inherent power. Dkt. 36 at 12 n.15. As discussed above, the Court does not find plaintiff's conduct indicative of bad faith or improper purpose.

## III.   § 285 Sanctions

35 U.S.C. § 285 provides that the court may provide reasonable attorney's fees to the prevailing party in "exceptional cases." In order to determine prevailing party status, there "must be a material alteration of the legal relationship between the parties." *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 792 (1989). The Court is mindful of the United States Supreme Court's recent liberalization of attorney's fees awards in patent cases under 35 U.S.C. § 285. *See Octane Fitness, LLC v. Icon Health and Fitness, Inc.*, 572 U.S. ___, 2014 WL 1672251 (2014); *Highmark Inc. v. Allcare Health Management Sys.*, 572 U.S. ___, 2014 WL 1672043 (2014).

Defendant rightly concedes, however, that 35 U.S.C. § 285 is inapplicable because

plaintiff's voluntary dismissal ensured that there was no material alteration of the legal relationship between the parties. *See* Dkt. 36 at 6-7. Moreover, the Court has not made any findings regarding any substantive issue in the case. *See, e.g.*, *Parallel Iron LLC v. NetApp Inc.*, 70 F. Supp. 2d 585, 589-90 (D. Del. 2014) (finding that there was no prevailing party, in part, because the court had not yet made any substantial finding). Neither party is the prevailing party.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby **DENIES** Amazon's motion for attorney's fees.

**IT IS SO ORDERED**.

Dated: November 10, 2015

_____
SUSAN ILLSTON
United States District Judge